UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

JONATHAN ALLEN,

    Petitioner,

v.                                       CIVIL ACTION NO. 5:18-cv-01463

WARDEN D.L. YOUNG,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending is the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. 2], filed November 21, 2018. Also pending are the Petitioner's Application to Proceed without Prepayment of Fees [Doc. 1] and Motion to Compel Judgment [Doc. 31]. This action was previously referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Eifert filed her PF&R on March 2, 2020. Magistrate Judge Eifert recommended that the Court grant the Respondent's request for dismissal, deny Mr. Allen's Motion to Compel Judgment, dismiss the Petition for a Writ of Habeas Corpus, and remove the matter from the Court's docket. Mr. Allen timely filed his objections on March 13, 2020 [Doc. 33].

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) (emphasis added) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is*

*made*."). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Mr. Allen objects to the Magistrate Judge's characterization of his Due Process claim. The Magistrate Judge observed that the Disciplinary Hearing Officer's "actions of including records pertaining to other inmates was 'frustrating' to [Mr. Allen's] ability to have a fair hearing;" Mr. Allen contends this observation inaccurately states his position. Rather, Mr. Allen asserts that all the DHO's actions "denied his due process right to a fair trial" and "to appeal." [Doc. 33 at 2]. This objection is meritless inasmuch as the entirety of Mr. Allen's claims and contentions are fairly summarized as a whole in the PF&R [Doc. 32 at 6, 8–10].

Mr. Allen next asserts that the Magistrate Judge impliedly conceded that some of his claims were sufficiently presented, because the Magistrate Judge stated, "many of the claims advanced by Allen were not sufficiently presented in his initial petition." [Doc. 32 at 12]. This statement does not, as Mr. Allen seems to imply, speak to the merits of Mr. Allen's claims. Rather, the statement addressed the bevy of new claims Mr. Allen raised throughout the proceedings that could not be fairly anticipated by the Respondent from Mr. Allen's petition. Despite this, the Magistrate Judge thoroughly, and accurately, addressed Mr. Allen's arguments [Doc. 32 at 13–16]. For example, subsequent to the filing of his Petition, Mr. Allen asserted that his place of

confinement, FCI Fort Dix, was not a federal facility under the control of the Attorney General. This, Mr. Allen argued, in reply to the Respondent's surreply, created a "battle of affidavits" on a material factual dispute, as the Respondent "failed to provide any evidence or material that demonstrates that Fort Dix is under the authority of the U.S. Attorney General." [Doc. 20 at 2]. The Magistrate Judge thoroughly addressed this claim, and Mr. Allen does not object to any specific portion of her analysis [Doc. 32 at 13–16]. To the extent that Mr. Allen objects to the failure to address his untimely raised arguments, the Court overrules the objection inasmuch as Mr. Allen has not identified any specific error in the PF&R.

Next, Mr. Allen contends that the Magistrate Judge erred in determining that "the mandatory minimum is 41 [good conduct time] days" and asserts that "[t]his is incorrect as evident by the loss of 40 GCT days." [Doc. 33 at 3]. Mr. Allen further states that the DHO sanctioned him with "loss of 60 non-vested" GCT days, citing repeated violations. Mr. Allen's objection results from a misunderstanding of the multiple sanctions in the case. The sanction imposed on Mr. Allen was comprised of: "40 days disallowance of Good Conduct Time ('GCT'), 60 days forfeiture of non-vested GCT, and 12 months loss of commissary, email, phone, and immediate family visiting privileges." [Doc. 32 at 5–6]. Section 541.3 of the Code of Federal Regulations classifies specific acts into different levels in Table 1, while Table 2 contains authorized punishments. 28 C.F.R. § 541.3. Possession of a "portable telephone" is classified as a "Greatest Severity Level Prohibited Act[]." *Id.* Available sanctions for this classification include "Forfeit and/or withhold earned statutory good time or non-vested good conduct time (up to 100%) and/or terminate or disallow extra good time (an extra good time or good conduct time sanction may not be suspended)" and "Disallow ordinarily between 50% and 75% (27–41 days) of good conduct time credit available for year (a good conduct time sanction may not be suspended)." *Id.*

3

As such, Mr. Allen's contention that the forfeiture of 60 days of non-vested GCT days is clearly excessive, considering the 41-day recommended maximum for disallowance of GCT credit, is irrelevant. The sanction imposed on Mr. Allen was well within the authorized punishments for the offense. And, on review of the pleadings, Mr. Allen was not sanctioned for repeated conduct. Rather, the DHO considered Mr. Allen's prior proceeding for possession of a cellphone as evidence that Mr. Allen knew, despite his contention to the contrary, that he was forbidden from possessing a cellphone in prison.

Finally, Mr. Allen objects to the Magistrate Judge's failure to convene an evidentiary hearing to "settle the conflicting affidavits." [Doc. 33 at 4]. In support, Mr. Allen cites Rules 52 and 65 of the Federal Rules of Civil Procedure and *Dean-Mitchell v. Reese*, 837 F.3d 1107, 1113–14 (11th Cir. 2016). The cited authorities are inapposite. Rule 52 addresses the standards and procedures for bench trials or actions tried with an advisory jury; Rule 65 addresses the standards and procedures for preliminary injunctions and restraining orders; and *Reese* addresses the summary judgment standard. *See Reese*, 837 F.3d at 1113 ("The district court converted the Warden's response to the petition into a motion for summary judgment."). The relevant standard in this case is found in Federal Rule of Civil Procedure 12(c), as the Magistrate Judge correctly observed [Doc. 32 at 10–11]. Inasmuch as the PF&R recommends dismissal based upon the pleadings, the Court concludes that the lack of an evidentiary hearing was not in error.

Accordingly, the Court **ADOPTS** the PF&R [**Doc. 32**], **GRANTS** the Respondent's request for dismissal [**Doc. 12**], **DENIES** the Petitioner's Application to Proceed without Prepayment of Fees [**Doc. 1**] and Motion to Compel Judgment [**Doc. 31**], **DISMISSES** the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [**Doc. 2**], and **DISMISSES** the matter.

Finally, on review, the Court **DENIES** the Petitioner's request for a certificate of appealability, inasmuch as no "substantial showing of the denial of a constitutional right" has been made. 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003).

The Court directs the Clerk to transmit a copy of this Memorandum Opinion and Order to any counsel of record and any unrepresented party herein.

ENTERED: May 13, 2020

Frank W. Volk
United States District Judge